UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,

                                  Plaintiff,

                                  -against-

AXIS INSURANCE COMPANY,

                                  Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, AXIS INSURANCE COMPANY ("Axis"), alleges upon information and belief as follows:

### Nature of the Action

1.      This is an insurance coverage action brought for declaratory relief arising out of an insurance policy that Axis issued to Rite-Way Internal Removal, Inc. ("Rite-Way") as a named insured thereunder.

2.      In this action, Travelers seeks a declaration that Axis is obligated to reimburse Travelers, with interest, for the costs incurred in the defense of Wager Contracting Co., Inc. ("Wager") and 1114 6th Avenue Owner, LLC (the "Owner") in a lawsuit entitled *Javier Penafiel v. 1114 6th Avenue Owner LLC, et al.,* previously pending in the Supreme Court of the State of New York for Queens County which was assigned Index Number 716581/2019 (the "Underlying Action").

### Parties

3.      At all times relevant hereto, Travelers was and is a Connecticut corporation licensed

and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Axis was and is an Illinois corporation licensed to conduct business in New York.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Axis.

8. Plaintiff Travelers has no adequate remedy at law.

### Policies

9. Travelers issued to Wager a policy of Commercial General Liability insurance bearing policy number DT1N-CO-1E149285-TCT-19 with effective dates of 1/22/19 to 1/22/20 (the "Travelers Policy").

10. The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. Defendant Axis issued to Rite-Way a policy of Commercial General Liability insurance bearing policy number P-001-000000724-03 with effective dates of 01/30/19 to 01/30/20 (the "Axis Policy").

12. The Axis Policy generally provides coverage for bodily injury that takes place

during the policy period and is caused by an accident.

13. The Axis Policy contains an **Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization** endorsement (CG 20 10 04 13) which provides, in relevant part:

> **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **SCHEDULE**
>
> **Name Of Additional Insured Person(s) Or Organization(s):**
> Any person or organization where the Named Insured has agreed in a written contract or agreement to name as an additional insured provided that the contract or agreement was executed prior to the loss or occurrence.
>
> **Location(s) Of Covered Operations:**
> All Locations at which the Named Insured is performing on-going operations.
>
> \*\*\*
>
> **A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

14. The Axis Policy further contains a **Primary and Noncontributory – Other Insurance Condition** endorsement (CG 20 01 04 13) which provides, in relevant part:

> PRIMARY AND NONCONTRIBUTORY –
> OTHER INSURANCE CONDITION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following is added to the Other Insurance Condition and supersedes any provision to the contrary:

Primary And Noncontributory Insurance

This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

(1)  The additional insured is a Named Insured under such other insurance; and
(2)  You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

## **Background Facts**

15.    By way of contract dated April 1, 2019, the Owner hired Wager as general contractor for a construction project at 1114 6th Avenue, New York, New York (the "Project").

16.    By way of subcontract dated January 7, 2019, Wager subcontracted the demolition work to Rite-Way (the "Rite-Way Subcontract").

17.    The Rite-Way Subcontract provides:

**VI. INSURANCE AND INDEMNIFICATION**

6.01 The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of Liability as will protect the Subcontractor from claims that may arise out of, or result from, the Subcontractor's operations and completed operations under the Subcontract:

| Type of Insurance | Limit of Liability |
|---|---|
| General Liability | $1,000,000 Each Occurrence<br>$2,000,000 General Aggregate<br>$2,000,000 Completed Operations<br>$1,000,000 Personal Injury Liability |

18.    The Rite-Way Subcontract further provides:

> 6.05 The Subcontractor shall cause the commercial liability coverage required by the Subcontract Documents to include: (1) the Contractor, the owner, and the Architect and the Architect's consultants where applicable as additional insureds on a Primary and Non-Contributory Basis for claims caused in whole or in part by the Subcontractor's negligent acts or omissions during the subcontractor's operations; and (2) the Contractor as an additional insured for claims caused in whole or in part by the Subcontractor's negligent acts or omissions during the Subcontractor's completed operations.

19. In the Underlying Action, Javier Penafiel ("the Claimant") alleged that, on July 26, 2019, while engaged in demolition work as an employee of Rite-Way, he fell through a hole left by the removal of a staircase on the 14th floor at the Project.

20. In the Underlying Action, the Claimant sought to impose liability on Wager and the Owner for alleged bodily injury that was caused, in whole or in part, by the acts or omissions of Rite-Way or the acts or omissions of those acting on Rite-Way's behalf.

21. Travelers provided a defense to Wager and the Owner in connection with the Underlying Action.

22. In the Underlying Action, Wager commenced a Third-Party action against Rite-Way.

23. By letter correspondence dated October 29, 2019, Travelers tendered the defense and indemnity of Wager to Axis.

24. By letter correspondence dated May 11, 2020, Travelers retendered the defense and indemnity of Wager and the Owner to Axis.

25. By letter correspondence dated July 2, 2020, Travelers retendered the defense and indemnity of Wager and the Owner to Axis.

26. By email correspondence dated April 7, 2022 and July 25, 2022, Travelers retendered the defense and indemnity of Wager and the Owner to Axis.

27. By email correspondence dated July 25, 2022, Travelers retendered the defense and

indemnity of Wager and the Owner to Axis.

28. By letter correspondence dated January 12, 2024, Travelers retendered the defense and indemnity of Wager and the Owner to Axis.

29. In or about September 13, 2024, the Underlying Action was discontinued with prejudice.

30. Travelers incurred approximately $101,098.17 in legal expenses in its defense of Wager in the Underlying Action.

31. Travelers incurred approximately $12,307.05 in legal expenses in its defense of the Owner in the Underlying Action.

32. To date, Axis has failed to fulfill its contractual obligation under the Axis Policy in that it has failed and refused to defend Wager and the Owner in connection with the Underlying Action.

33. In contradiction to the terms of the Axis Policy, Axis, has failed and refused to pay the costs incurred in the defense of Wager and the Owner in the Underlying Action.

34. Accordingly, Travelers seeks a declaration that Axis has an obligation to reimburse Travelers for those sums it paid in connection with the defense of Wager and the Owner in the Underlying Action.

## Claim for Declaratory Relief

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Axis Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Axis Policy have been complied with and

met.

3. Declaring that the alleged accident and the Underlying Action falls within the coverage afforded by the Axis Policy.

4. Declaring that Axis's coverage obligation to Wager and the Owner in connection with the Underlying Action is primary to that of Travelers with respect to the Underlying Action.

5. Declaring that Plaintiff Travelers' coverage obligation under the Travelers Policy is excess to that of Axis with respect to the Underlying Action.

6. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Axis with respect to Axis's duty to defend Wager and the Owner in connection with the Underlying Action.

7. Declaring that Axis owes a duty to reimburse Travelers the defense costs it incurred in defending Wager and the Owner in connection with the Underlying Action, plus interest.

8. Granting an award in favor of Plaintiff Travelers against Defendant Axis for all sums Travelers paid in defending Wager and the Owner as to the Underlying Action.

9. Granting such other and further relief as the Court may deem just and proper.


Dated: Hartford, Connecticut
March 20, 2025

USERY & ASSOCIATES

By: /s/ Logan A. Carducci
Logan A. Carducci, Esq.
*Attorneys for Plaintiff—*
*The Travelers Indemnity Company of Connecticut*
Direct: 917.778.6680
Fax: 844.571.3789
Email: lcarducc@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York NY 10017